IN RE ESTATE OF JOHN STROLBERG.

AUGUST STROLBERG, EXECUTOR, APPELLANT, V. EMMA STROLBERG ET AL., APPELLEES.

FILED MAY 6, 1921.  No. 21416.

1. **Wills:** LEGACIES: PAYMENT: RESORT TO REALTY. Whether the real estate may be resorted to for the payment of legacies when the personal property of the estate is insufficient is a question of intention, which may appear either expressly or by implication from the language and dispositions of the will, read in the light of the circumstances existing when it was made.

2. ———: ———: ———: ———. Where there are pecuniary legacies in a will, followed by a general residuary disposition of the whole estate, both real and personal, the real estate included in the residue will, as a general rule, be chargeable with the legacies, unless such construction is restrained or avoided by the other provisions of the will.

3. ———: ———: ———: ———. A direction in the will that legacies be paid out of the personal estate, unaccompanied by language indicating a deliberate intent that the real estate should not be resorted to in case of deficiency of personal property, will not prevent the legacies from being charged upon the residuary real estate.

4. ———: ———: ———: ———. The fact that the word "residue" is not followed or qualified by such words as "after the payment of legacies," or that no power of sale to pay legacies is given, will not affect the operation of the rule making them a charge upon the real estate by virtue of the residuary provisions of the will.

5. ———: ———: ———: EVIDENCE. Evidence of the testator's financial condition and habits of investment is admissible to show that he did not at the time he made the will have, or contemplate having when the will should become operative, sufficient personal property to discharge the legacies, and that, therefore, it was not his intention that his personal estate alone should be responsible for their payment.

6. ———: CONSTRUCTION. Effect should be given to all the provisions of a will, if, in the light of the surrounding circumstances,

In re Estate of Strolberg.

it can be done consistently with the recognized rules of construction as to the testator's intent.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*C. P. Anderbery,* for appellant.

*W. D. Oldham, contra.*

DORSEY, C.

The sole question involved in this appeal is whether or not certain bequests in the last will and testament of John Strolberg, deceased, are chargeable upon his real estate upon deficiency of personal estate with which to pay them. The executor filed his petition for license to sell the real estate for that purpose. The widow, and a minor child and devisee by his guardian *ad litem,* filed objections on the ground that the real estate was not liable; the trial court dismissed the petition, and the executor appeals.

The will consists of numerous articles, first of which is a direction to pay debts out of the personal estate. Each of the next seven articles of the will contains a bequest to a different branch or foundation of the Swedish Lutheran Church. These bequests, aggregating $2,500, are in the following form, differing only as to name and amount: "I give, devise and bequeath to the Augustana College and Theological Seminary, Rock Island, Illinois, the sum of two hundred and fifty dollars ($250.00)." Next after the foregoing bequests is the following paragraph: "All the foregoing bequests being special in their nature as above set out and made to the various benevolent and charitable institutions shall be paid out of my personal estate and the executive board or the proper officers of the same who are competent to receive such bequests by my executor who shall take their receipts for the same in full settlement of the various devises so made."

Succeeding articles of the will set forth that the testator

In re Estate of Strolberg.

had already provided for four of his sons, and that he wished to leave the sum of $500 to each of two children of his son Edward, the payment of which he charged as a lien upon 80 acres of land in Kearney county, which he devised in fee to his son John Walter Strolberg, subject to the use of the land by his widow until his said son should attain the age of 21. To his widow he devised and bequeathed certain specific articles of personal property and the life estate in lots in the city of Holdrege constituting his homestead, and also the use, rents and profits cf the 80 acres devised to John Walter, together with the use of certain other described city property in Kearney, from all of which real estate she was to receive the income until his said son should attain his majority. The residuary provisions of the will were as follows: In case both his widow and his son John Walter should live until the latter became 21, he devised the residue of his property, both real and personal, not devised in the will, one-fourth to his widow and the remaining three-fourths, in equal shares, to his sons August, Frank, Emil and John Walter. In case either his widow or his son John Walter should die before the latter became 21, he devised the residue aforesaid one-fourth to the survivor of them and one-fourth each to his sons August, Frank and Emil. If either or both of the children of his son Edward should die before his son John Walter became 21, then the legacy of $500 should lapse as to each such deceased grandchild and should cease to be a lien upon the land devised to John Walter. His son August was nominated executor.

The will was duly probated and the executor qualified. The money and personal property of the estate, amounting to about $1,000, sufficed to pay the debts and expenses of administration, but was not enough to discharge the seven bequests to the various church organizations.

The principles that govern this case are, in substance, that legacies, as a general rule, are payable primarily out of the personal estate of the testator, and that real estate will not be charged with their payment unless the inten-

tion to do so is expressly declared or clearly inferable from the dispositions of the will; that the chief criterion is the intention of the testator, which may appear either expressly or by implication from the language and dispositions of the will; that such intention cannot be inferred solely from or shown solely by evidence of circumstances altogether extraneous to the will, nor is such evidence admissible on the question of intent where there is no ambiguity in the will; but where legacies are not expressly charged upon the land and the intention of the testator is not clear, the court may and should, for the purpose of ascertaining the intention, read the will in the light of the circumstances existing when it was made.

The principal facts relied upon as disclosing that intent are, first, the language of the residuary clause in which he devised "all the rest and residue of my property, both personal and real, not hereinbefore devised" to certain persons upon certain contingencies. Counsel for the appellant argue that, as "residue" means that which is left over after the previous dispositions of the will have been carried out, the testator must have meant that his real estate as well as personal property should be looked to for the payment of the legacies; second, that, as shown by testimony introduced by the appellant, the testator never had so large a sum as would be required to pay these legacies for any considerable time; that he was in the habit of keeping his money, as it came in, closely invested, it being customary with him to purchase small rental properties in the city of Kearney. Three of these properties he had acquired before August, 1911, when the will was made, and he purchased five others after that time at prices ranging from $320 to $700. Counsel deduce from this that, in view of his settled habit of investing in these small properties instead of allowing his money to accumulate, he could not have intended to limit the payment of legacies to money or personal property, of which he did

not keep sufficient on hand, but had in mind that these investments should be resorted to and therefore placed them in the residuary provisions of the will.

The testator made but one specific devise of real estate —the 80 acres to his son John Walters, subject to the life use thereof by the widow, and subject also to the specific legacies to his grandchildren. No specific devise of real estate in fee was made to the widow. He gave her only the income until John Walter became of age. All the real estate other than John Walter's 80 acres was part of the residue, so far as the fee is concerned. This con-. sisted of the Holdrege and Kearney city property, the income from which was devised to the widow, and there was no other property included in the residue, because the personal property was either specifically bequeathed to the widow or consumed in paying debts and expenses of administration.

A rule to which sanction has been given by this court is that, when pecuniary legacies are given in the will and there is a gift of the residue, both real and personal, the residue being blended in one mass, the presumption arises that the testator intended to charge the entire residuary estate with the payment of the legacies, for the reason that, in such case, the residue can only mean what remains after satisfying the previous gifts. *Klug v. Seegabarth,* 98 Neb. 272; *Lewis v. Darling,* 16 How. (U. S.) 1; *Coon v. Coon,* 187 Ind. 478; *Reynolds v. Reynolds,* 27 R. I. 520; *Bird v. Stout,* 40 W. Va. 43; *Lacey v. Collins,* 134 Ia. 583; *Paterson General Hospital Ass'n v. Blauvelt,* 72 N. J. Eq. 725; *Turner v. Gibb,* 48 N. J. Eq. 526.

Appellees contend, however, that any presumption which might ordinarily arise from the language of the residuary clause that the testator intended to charge the legacies upon real estate is rebutted by the express provision in the will stating that the bequests in controversy were special in their nature and directing that they be paid out of the personal estate. Counsel argues that the testator thereby gave conclusive evidence of his intention

that the personal property should be the only source of payment. As we view that provision of the will, the testator, in saying that the legacies were special in their nature and that the executor should pay them out of the personalty, meant to point out the manner in which he desired those particular bequests to be treated, as distinguished from the two legacies to his grandchildren, which were the only other pecuniary legacies in the will and which were not to be paid until his son John Walter became 21, the legacies remaining in the meantime charged upon the land devised to his said son. The thought intended to be conveyed by this language was that the legacies to the charitable and religious institutions were to be paid in the process of administration, in contrast with the other legacies, payment of which was to be delayed until a definite future time.

Assuming that such was the testator's meaning, what effect must be given to the direction that the legacies be paid out of his personal estate? Is it to be taken as a positive affirmation of the testator's intent that the personal property should alone be chargeable? Such intent, according to the rule, is presumed in the case of every pecuniary legacy, unless it appears that resort to the real estate in case of deficiency of personal assets was intended. It is equally the rule, as we have seen, that if there is a devise of the residue, both real and personal, in one mass, after pecuniary bequests, it is ordinarily sufficient proof of intent to charge the realty. Is that proof of intent overcome and rendered nugatory in the case before us by the express direction that the legacies be paid out of the personal property? In our view, that was simply a statement of what the law would have implied if that direction had been omitted from the will. The law makes the personal property the fund for the payment of legacies in the absence of any direction. But there was nothing in the language directing that the legacies be paid out of the personal property which would indicate a deliberate intent to debar the legatees from resorting to

the real estate in default of personal property, if the language of the residuary clause gives them that right. The will nowhere says that the personal estate was to be the only or exclusive fund for the payment of legacies or that the land should in no event be liable. We therefore conclude that the direction to pay the legacies in question out of the personal property will not of itself overcome the force of the residuary clause and prevent it from operating to charge the legacies upon the real estate covered thereby if, tested by the rule hereinbefore stated, it otherwise would have that effect.

Counsel for the appellees contend, however, that the residuary clause should not be interpreted as showing an intent to charge the real estate, because it is lacking in such qualifying words as "after the payment of legacies," following the word "residue," to indicate that legacies were to be deducted, and that there was no power of sale to the executor, which would have been a further indication of the testator's intent to make the real estate liable. In none of the cases cited in support of the rule above referred to was it deemed necessary that the word "residue" should be qualified, as contended by counsel, or that there should be an express power of sale, in order to make the residuary clause effective to charge real estate included therein with the payment of legacies. The rule is one of implication arising from the blending of the real and personal estate in the residuum and from the fact that the word "residue," if real estate is expressly made a component part thereof, means that part of the real estate, not specifically devised in the preceding portions of the will, remaining after the prior dispositions of the will have been satisfied. This rule is unaffected by the fact that there are no precise words referring to the payment of legacies in the residuary clause or that no express power of sale is given.

As strengthening the presumption arising from the rule just discussed, the appellant relies also upon the testimony relating to the financial condition of the testator

when the will was made and to his habit of making small investments in city rental property as a further manifestation that he must, of necessity, have intended that the legacies should be paid out of the proceeds of the real estate included in the residuary clause. This testimony indicates that it was at least very unlikely that he had as much as $2,500 in money or personal property when the will was made. If he did not have enough on hand to pay the legacies, that fact is regarded by some courts as of almost, if not quite, controlling importance in determining whether the testator. intended that the personal property should constitute the exclusive fund for their payment. In *McGoldrick v. Bodkin,* 125 N. Y. Supp. 101, this rule is announced: "It is to be presumed that a will was drawn honestly and in good faith, and that when testator provided, a legacy he intended that it should be paid; such presumption not being absolute, but coming into play only when the circumstances surrounding the making of the will give fair cause for its rise." And it is said in the opinion: "Hence the courts have always considered as of almost controlling importance on the question of the testator's intent the fact whether or not when he made his will his personal estate was sufficient to pay in full or in part the legacies therein expressed; for, as was frequently argued, if, when he made the will and specified the legacies, he knew that he had not sufficient personal property to pay them, he should be deemed to have intended to subject his residuary real estate to the burden of payment, or, otherwise he must be deemed to have made his will a mere trick upon the legatees." These views find support in the following, among many other cases: *Williams v. Williams,* 189 Ill. 500; *Jaudon v. Ducker,* 27 S. Car. 295; *Reid v. Corrigan,* 143 Ill. 402; *American Cannel Coal Co. v. Clemens,* 132 Ind. 163.

Effect should be given to all of the provisions of the will if, in the light of the surrounding circumstances, it can be done consistently with the recognized rules of construction as to the testator's intent. *Coon v. Coon,* 187

Ind. 478; *Reid v. Corrigan, supra.*

It is our conclusion that the extrinsic evidence, taken in connection with the language of the residuary clause, established the testator's intent to charge the payment of legacies upon the real estate included in the residue, and we therefore recommend that the judgment appealed from be reversed and the cause remanded.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, and this opinion is adopted by and made the opinion of the court.

REVERSED.