454

IN RE ESTATE OF WILLIAM B. HUNTER.
JOHN E. ALMY, EXECUTOR AND TRUSTEE, APPELLEE, V.
GERTRUDE AVERY ET AL., APPELLEES: FLOYD CORL ET AL.,
APPELLANTS.

272 N. W. 318

FILED MARCH 26, 1937. No. 29928.

*John J. Ledwith, R. O. Williams* and *Herman Ginsburg,*
for appellants.

*Meier & Meier* and *Sam C. Zimmerman, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

DAY, J.

The executor of the estate of William B. Hunter, de-
ceased, filed an application for license to sell real estate to
pay debts and for a declaratory judgment construing the
will. The defendants are the devisee and legatees under
the will. The trial court entered a judgment to the effect
that there was insufficient personal property to pay the
debts of the deceased and that the various bequests were

of equal rank and must suffer abatement *pro rata* to pay the debts and expenses of administration. The defendants Floyd Corl, Dorsey Corl, Jessie Willis, and Madge Walsh are appellants in this court, and Gertrude Avery, a devisee under the will, is an appellee.

It appears that in 1927, when this will was executed, the testator had considerable personal property in addition to the real estate mentioned in the will. It apparently did not occur to him then that his personal property would be exhausted and insufficient to pay his debts. Mr. Hunter died in November, 1932, and his wife died January 17, 1933, both of them being more than 80 years of age. Soon after the execution of the will, Mr. and Mrs. Hunter became invalids. Their long illness and incapacity brought about the exhaustion of his personal property by the time of his death. He also owed debts, some of which were for medical expenses. The testator never contemplated that he would not leave sufficient personal property at his death to pay his debts. This, no doubt, is the reason the testator expressed no intention as to the payment of the debts from any specific property. Certainly, no such intention is expressed in the will either directly or by inference.

Let us consider the will. The first paragraph devised and bequeathed property to his wife, all of which was sold prior to his death so that it is of no interest or help in our inquiry. The second paragraph gave his wife a life estate in all other real estate. Her death succeeded his in less than three months, so that the life estate has long since been extinguished. The fourth paragraph "devised and bequeathed" to Gertrude Avery a Fillmore county farm consisting of 320 acres at such time as she reaches the age of 30. This devise is conceded by the appellants to be specific. This will be referred to in the discussion later.

The sixth paragraph of the will provided for the sale of all other real estate by the executor and trustee and directed the payment from the proceeds of the following bequests: George Corl, Frank Corl, Floyd Corl, Dorsey Corl, and Jessie Willis, $1,000 each; and Madge Walsh,

$6,000. The third and fifth paragraphs relate to the executor and trustee, and his power to sell the real estate not specifically devised for the purpose of paying the bequests made in the sixth paragraph.

With this synopsis of the will in mind, we approach a consideration of the questions presented by the record. The appellants' brief states the issue as follows: "There is but one question involved in this appeal, namely, there being an insufficiency of other assets with which to pay debts and costs of administration, on whom shall be imposed the burden of the payment of the debts and costs of administration?" Is this loss to be borne proportionately by all the legatees and the devisee, or is the loss to be borne solely by the legatees?

Certainly, the court in construing a will must first ascertain the intent and purpose of testator as disclosed by the language of the will and then give effect thereto if not contrary to law. Section 76-109, Comp. St. 1929, requires such construction. See, also, *In re Estate of Mooney,* 131 Neb. 52, 267 N. W. 196; *In re Estate of Combs,* 117 Neb. 257, 220 N. W. 269. But in the case at bar the intention of the testator as to the payment of debts cannot be ascertained from the language of the will.

The testator's intention must be ascertained, if at all, from the language of the will as related to attendant circumstances. *Lesiur v. Sipherd,* 84 Neb. 296, 121 N. W. 104. The circumstances surrounding the execution of the will, the relationship of the devisee and legatees to the testator, and the property of the deceased do not help us here. At the time the will was executed the testator had ample property to pay all his debts and the expenses of administration in addition to the specific devise to Gertrude Avery and the legacies to the several legatees. All the personal property and some of the real estate were exhausted prior to his death. None of these parties was related to the testator. Gertrude Avery had lived in his home as a child but was not legally adopted. The legatees were relatives of his wife. By no possible inference can an intention be ascertained

from the language of the will that the debts and expenses of administration should be paid from one or the other of the two Fillmore county farms. One of them was devised to Gertrude Avery and the other to the executor and trustee, with directions to sell and pay several bequests, including those to appellants. The contention of the appellees has not been overlooked that the testator's intention as to the payment of debts and expenses is expressed in the seventh paragraph of the will. The subject-matter of this section is divided into two unrelated parts, which neither separately nor taken together express any such intention as is contended for here.

What is the nature of the devise and the various bequests? At the outset, we are relieved of a determination of the nature of the devise of the one farm in Fillmore county to Gertrude Avery. The appellants admit that it is a specific devise. All that remains is to determine the nature of the bequests and the operation of law upon the facts.

The will for construction here devised the one tract of Fillmore county land to the executor and trustee with directions to sell and from the proceeds pay certain bequests. A provision of a will which directs the sale of real estate for the payment of certain legacies operates as an equitable conversion effective at the death of the testator. *Coyne v. Davis*, 98 Neb. 763, 154 N. W. 547; *In re Estate of Kulp*, 122 Neb. 157, 239 N. W. 636; *Chick v. Ives*, 2 Neb. (Unof.) 879, 90 N. W. 751; *Will of Schilling*, 205 Wis. 259, 237 N. W. 122, 75 A. L. R. 184; *In re Estate of Mount*, 189 Ia. 279, 178 N. W. 391.

The fifth paragraph of the will directs that the real estate from which the legacies were to be paid should be sold, while the next paragraph (the sixth) provides that from the proceeds of the sale the legacies shall be paid. This paragraph reads: "Sixth. I further will and direct that from the proceeds of such sale of real estate my said executor and trustee shall pay to each of the following persons the sum of One Thousand ($1,000) dollars to

wit: George Corl, Frank Corl, Floyd Corl, and Dorsey Corl, nephews of testator's wife, and to Jessie Willis, daughter of Mary J. Willis, which said sum of One Thousand ($1,000) dollars to each of said persons I hereby give and bequeath to each; also to pay to Madge Walsh the sum of Six Thousand ($6,000) dollars, the said sum of Six Thousand ($6,000) dollars I hereby give and bequeath to said Madge Walsh."

A legacy to be paid only from a particular fund is a specific legacy. *In re Estate of Bush,* 89 Neb. 334, 131 N. W. 602; *In re Estate of Carpenter,* 166 Ia. 48, 147 N. W. 175. A recognized authority states the rule as follows: "A bequest of the proceeds, or a certain sum out of the proceeds, of a sale of specified property is ordinarily specific." 69 C. J. 929. One of the cases cited to support the statement of the rule is *Matter of Hall,* 144 Misc. Rep. 264, 258 N. Y. Supp. 460, in which it was said: "The proceeds of sale of specified property which is to be sold is just as specific a legacy as if the property itself had been given." See the other cases cited and note that none expresses a contrary view. The discussion upon this question is not extended because the appellee contends only that the will expresses the intention of the testator as to the source from which the debts and expenses should be paid. With this contention, we are unable to agree. The legacies under the will to be paid the legatees from the proceeds of the sale of certain real estate are specific. Likewise, the devise of the other Fillmore county farm is specific. These two farms were practically the only property of the testator when he died. The problem is which property shall be charged with the payment of the debts and expenses of administration.

The testator had control over the order of abatement by expressing his wishes in his will, either by express terms or by inference. But, in the absence of such an expression, this court cannot place itself in his position and divine what the testator would have done under the circumstances of a depleted estate. The rule applicable has been succinctly stated in the following language: "Generally speaking, and

in the absence of an expression of a contrary intent, where the assets of an estate are insufficient to pay all obligations and legacies, there will be an abatement in the following order: (1) Residuary estate, (2) other general legacies *pro rata,* (3) specific bequests or devises." 69 C. J. 981.

Another well-known authority states: "Whenever it becomes necessary to resort to the class composed of the specific legacies and devises, all the legacies and devises in that class will abate *pro rata.* Specific legacies and devises stand upon the same footing, are subject to the same liability, are abated together under the same circumstances, and contribute ratably for the payment of debts and charges." 3 Pomeroy, Equity Jurisprudence (4th ed.) 2642.

As applied to this present case, it appears that the testator devised and bequeathed a certain specific devise and certain specific legacies. This intention is clearly apparent from the will. The debts and the expenses of administration must be paid. The other assets of the estate have been exhausted, and resort must be made to an abatement of the devise and legacies to pay the debts and expenses of administration. Whenever it becomes necessary to pay debts and expenses of administration to resort to the class composed of specific devises and legacies, all in that class will abate proportionately. The doctrine of abatement determines the priority of classes. It also determines that all legacies of the same class shall be reduced equitably (proportionately) whenever a deficiency of assets occurs. In this way the testator's will still benefits each in the relative proportion intended.

The judgment of the trial court is reversed and that of this court substituted.

REVERSED.