IN THE MATTER OF THE ESTATE OF CHESTER J. LIENHART, DECEASED.

C. LOYD LIENHART, APPELLEE, V. JAMES D. CONWAY ET AL., EXECUTORS, EMMA J. LIENHART ET AL., LEGATEES, APPELLANTS.

21 N. W. 2d 749

FILED FEBRUARY 21, 1946. No. 31995.

*Blackledge & Conway,* for appellants.

*James E. Addie,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

Chester J. Lienhart of Adams County, Nebraska, died testate in the county of his residence on November 11, 1943. His estate was probated in the county court of Adams County. He died seized of a quarter section of land in Hall County, Nebraska, which by the will was devised to C. Loyd Lienhart, his brother. At the date of his death there was a note outstanding signed by the decedent and his wife for $5,000 secured by mortgage on the land devised. It appears from the briefs but not from the record here that there were also unpaid taxes against the land. The note and taxes were not paid out of the personal estate. On November 9, 1944, C. Loyd Lienhart filed an application in the county court in the probate proceeding the purpose of which was to require that the indebtedness secured by the mortgage and the taxes be paid out of the personal estate so as to permit him to receive the devise free from the encumbrance and the taxes. No claim was ever filed by the payee of the note.

The application was sustained and judgment was rendered accordingly. From that proceeding appeal was taken to the district court. The district court sustained the judgment of the county court. From the judgment of the district court Emma J. Lienhart, residuary legatee and devisee, and the executors and the administrator with the will annexed have appealed. However in the appeal they abandon the contention that the taxes, if any, against the land were not a proper charge against the personal estate. They limit their presentation here to the sole question of whether or not the payment of the note should be required out of the personal estate.

The facts upon which the decision must depend are not in dispute. The pertinent facts in addition to those already related are the following: Chester J. Lienhart was a man of considerable means. At the time of his death he was pos-

sessed of real estate the value of which was in excess of $100,000. He owned personal property of the approximate value of $44,000. Personal obligations charged against his estate approximated $34,000.

Some time prior to July 3, 1943, in his own handwriting, he prepared a last will and testament in which he made a disposition of his entire estate. The will was dated July 3, 1943, and on that day signed. It is referred to as a holographic will, being entirely in the handwriting of the deceased. No question is raised as to its validity. In the will the southwest quarter of section 35, township 11, range 12, in Hall County, Nebraska, was devised to C. Loyd Lienhart, his brother. No reference was made to the $5,000 note or the mortgage given for its security.

In December 1936, the deceased purchased the quarter section of land. At the time there was a $6,000 mortgage against it in favor of the Mutual Benefit Life Insurance Company which deceased did not assume. During the existence of the mortgage he paid $1,000 thereon. On February 1, 1937, a loan was obtained in the amount of $5,000 from the Prudential Insurance Company. A note in that amount and a mortgage on the land in question to secure its payment were executed by deceased and his wife and delivered to the Prudential Insurance Company. The previous mortgage was liquidated with the $5,000.

At the time of the death of Chester J. Lienhart the debt was unpaid and the note and mortgage were in full force and effect.

Two contentions are presented by the appeal. The first is that in no event may the indebtedness represented by this note and mortgage be a proper charge against the personal estate but the mortgagee must look for payment to the security of his mortgage. The second is that assuming that in the proper time payment out of the personal estate could have been enforced, enforcement is barred for failure to file claim therefor against the estate of the decedent.

As to the first contention section 30-230, R. S. 1943, which is a part of the article on wills, provides: "If the testator

shall make provision by his will, or designate the estate to be appropriated for the payment of his debts, the expenses of administration, or family expenses, they shall be paid according to the provisions of the will, and out of the estate thus appropriated, or so far as the same may be sufficient."

The will provides that all stocks and bonds except government bonds, all farms except those specifically devised including farms held in partnership, and all valuable personal property except that disposed of by bequest, shall be sold within a year.

The will further provides that from proceeds of such sales the personal indebtedness, if any, taxes due, funeral expenses, a reasonable sum for marking the grave of deceased, and special cash bequests should be paid.

There is no question that the value of the property thus required to be converted into cash was sufficient for the purposes declared including the note and mortgage of $5,000 against the quarter section of land devised to C. Loyd Lienhart.

If this note and mortgage is not a "debt" within the meaning of section 30-230, R. S. 1943, and was not "personal indebtedness" within the meaning of the will then it never became a charge against the personal estate. Otherwise it would, subject however to the result of our later observations on the statute of limitations pertaining to the filing of claims in probate proceedings.

A well-recognized rule in the interpretation of wills is that the court will give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with established rules of law. Lehman v. Wagner, 136 Neb. 131, 285 N. W. 124; Martens v. Sachs, 138 Neb. 678, 294 N. W. 426, 134 A. L. R. 356.

The rule of law obtaining in this court is that where encumbered real estate is devised in a will without the expression of any intent with regard to the encumbrance it will be presumed that the devisee shall take the real estate freed from encumbrance by payment out of the personal

estate if the personal estate shall be sufficient for that purpose. Patrick v. Patrick, 72 Neb. 454, 100 N. W. 939.

Another statement of legal rule applicable here is that the personal estate of a deceased person is primarily liable for all debts created or personally assumed by him, whether secured by mortgage on real estate or not, and heirs and devisees have the right to require the payment of any such debts out of the personal estate. Schade v. Connor, 84 Neb. 51, 120 N. W. 1012.

These rules have never been departed from in the later decisions of this court, and no sufficient reason has been advanced for a departure in this case.

The appellants contend that the case at bar is not governed by the rules announced in the cited cases. Their theory in this connection is that the debt secured by the mortgage was not the debt of the decedent and that it had not, within the meaning of Schade v. Connor, *supra,* been assumed by him.

It is true that the debt against the land at the time of purchase was never assumed, but that debt was entirely liquidated, the mortgage was released, and a new debt secured by mortgage was created which was a primary obligation of the deceased. Under no reasoning or authority can it be said that the note for $5,000 payable to the Prudential Insurance Company was not a debt of the deceased who was maker thereof. It became, on his death, payable out of his personal estate.

The question of whether or not the appellee is entitled to have the indebtedness paid out of the personal estate, no claim having been filed therein, has been previously determined in Schade v. Connor, *supra,* adversely to appellants. In addressing itself to this question this court said: "It is true that the mortgage debt was, in a way, a claim which might have been filed against the estate, but the mortgagee was not required to pursue that remedy. * * * The claim was not so presented, and the filing of the cross-petition herein is not the presentation of the claim against the estate. It constitutes a proceeding in equity to enforce the

liability incurred by the executor and residuary legatee by his failure and neglect to pay off and discharge the mortgage in question. Having by his conduct made the claim his personal debt, equity will require the executor and residuary legatee to pay off and discharge the mortgage for the benefit of the owner of the fee of the real estate, and the action is not barred by the statute of limitations."

We therefore hold that the mortgage indebtedness in question here is a "debt" within the meaning of section 30-230, R. S. 1943, and "personal indebtedness" within the meaning of the will and is payable out of the personal estate of the decedent. We further hold that enforcement of payment out of the personal estate is not barred by the statute of limitations.

The judgment of the district court is accordingly affirmed.

AFFIRMED.