ALICE E. SMITH *vs.* SUMNER Y. WHEELER, executor, & others.

Essex. May 2, 1950. — July 5, 1950. .

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy,* Specific legacy. *Probate Court,* Appeal, Stipulation. *Words,* "My."

A statement of agreed facts, filed in a Probate Court after the hearing of the case therein and included in the printed record on appeal but not submitted to or approved by the trial judge, was not properly before this court and could not be considered.

A record bringing before this court only a petition in a Probate Court, the decree thereon, and a claim of appeal presented only the question whether as matter of law the decree could properly have been entered on the petition.

A bequest of "my one-half interest in" a certain business was a specific legacy, and, in the absence of anything to the contrary in the will, entitled the legatee to only that interest although the testator had acquired the other half interest subsequent to the execution of the will and owned the entire business at the time of his death.

PETITION, filed in the Probate Court for the county of Essex on January 4, 1949. .

The case was heard by *Costello,* J.

In this court the case was submitted on briefs.

*J. W. Santry, Jr., & D. Santry,* for the petitioner.

*C. R. Clark,* for the respondents.

WILLIAMS, J. This is a petition under the provisions of G. L. (Ter. Ed.) c. 231A, as inserted by St. 1945, c. 582, § 1, by one Alice E. Smith for a declaratory decree as to the "correct interpretation" of the following paragraph in the will of James H. Eaton, late of Rockport, dated June 18, 1937: "To Alice M.[1] Smith and her two sons, Frank E. Smith and Leroy Smith, all of Ferncroft, West Gloucester,

---

[1] The middle initial of the petitioner is incorrectly written in the will as M instead of E. .

Massachusetts, I give my one-half interest in the taxi and garage business which I own in common with Joseph Sears, Jr. of said Rockport." It is alleged in the petition that Sumner Y. Wheeler was appointed executor of the will on January 6, 1948; that Eleanor Eaton, Blanche Doyle, and William Eaton are the residuary legatees in the will; that after the execution of the will the testator acquired all the right of the taxi and garage business referred to in the will from his partner Joseph Sears, Junior; that at the time of his death the testator owned "the entire taxi and garage business without any partner"; and that a controversy has arisen among the petitioner, the executor, and the three residuary legatees concerning the interpretation of the above quoted paragraph. A decree was entered in the Probate Court for Essex County which, after reciting that notice had been given to all parties interested, declared "that under the provisions of paragraph #1 [above quoted] of the will of James H. Eaton, deceased, set forth in said petition, Alice E. Smith, Frank E. Smith and Leroy Smith are entitled to receive a one-half interest only in the taxi and garage business therein referred to."

The petitioner and her sons have severally appealed from the decree. Although an examination of the docket entries shows that the sons and the residuary legatees filed appearances, there is nothing to show that answers were filed by any of them. The record contains only the petition, which incorporates a copy of the will, the decree, the claims of appeal, and a document, which is entitled "Agreed Statement of Fact," signed by the executor and counsel for the interested parties. It appears to be a statement, filed after a hearing, reciting the facts, to which it is alleged all interested parties agreed at the hearing, and certain evidence offered by the petitioner which was excluded by the judge. This document shows no evidence of having been submitted to or approved by the judge and is, therefore, not properly before us. Parties may not add to or diminish the record without judicial approval. *Commonwealth* v. *Suffolk Trust Co.* 161 Mass. 550, 551. *Robinson* v. *Brown,* 182 Mass.

266, 267. *Dorsey* v. *Corkery,* 227 Mass. 498, 500. *Cook* v. *Howe,* 280 Mass. 325, 327. See *Sarkesian* v. *Cedric Chase Photographic Laboratories, Inc.* 324 Mass. 620, 623; *Silke* v. *Silke,* 325 Mass. 487, 489–490. The evidence is not reported and there is no finding of material facts. The decree, however, imports a finding of every fact necessary to support it. *Novick* v. *Novick,* 299 Mass. 15. The only question now presented is whether as matter of law the decree could have been entered on the pleadings. *Levinson* v. *Connors,* 269 Mass. 209, 210. *Gorey* v. *Guarente,* 303 Mass. 569, 570.

The bequest of the "one-half interest in the . . . business which I own in common with Joseph Sears, Jr. . . ." was a specific legacy; a legacy which "separates and distinguishes the property bequeathed from the other property of the testator, so that it can be identified." It can only be satisfied by the thing or interest bequeathed. *Tomlinson* v. *Bury,* 145 Mass. 346, 347. *Moffatt* v. *Heon,* 242 Mass. 201, 203. *First National Bank* v. *Union Hospital of Fall River,* 281 Mass. 64, 68. *Conway* v. *Shea,* 282 Mass. 25, 27. See *Porter* v. *Howe,* 173 Mass. 521, 526, where the words "convey to Henry S. Howe aforesaid, the said undivided half of said store with its appurtenances," were held to constitute a specific legacy. The will purports to set apart and appropriate a particular portion of the testator's estate with no further provision being made for the payment of the legacy. *Bullard* v. *Leach,* 213 Mass. 117, 121. It has been held that the use of the word "my" in connection with a description of property bequeathed may be of importance in determining whether a legacy is specific. *Foote, appellant,* 22 Pick. 299, 303. *Metcalf* v. *First Parish in Framingham,* 128 Mass. 370, 373. *Harvard Unitarian Society* v. *Tufts,* 151 Mass. 76, 78.

The legacy cannot be expanded beyond its plain import to include an additional interest later acquired unless it appears from the will as a whole that such was the intent of the testator. See *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 408; *Hendrick* v. *Mitchell,* 320 Mass. 155, 160.

· We find nothing in this will to evidence such an intent. The will is very brief and contains, in addition to the bequest under consideration, only a bequest to the petitioner of a deposit in a savings bank, and the usual residuary clause. See *Nickerson* v. *Bowly,* 8 Met. 424, 431; *Bailey* v. *Bailey,* 236 Mass. 244, 247; *Fitts* v. *Powell,* 307 Mass. 449, 454. In *Hill* v. *Bacon,* 106 Mass. 578, the testatrix devised her undivided one-half interest in certain land. Later she became the owner of an additional undivided one thirty-second interest in the same land. It was held that this additional interest passed under the residuary clause and not under the devise. See *Pepper's executor* v. *Pepper's administrator,* 115 Ky. 520; *Spear* v. *Stanley,* 129 Maine, 55; *Foote, appellant,* 22 Pick. 299.

The additional interest in the taxi and garage business acquired by the testator after the execution of the will, not being included in the description of the interest specifically bequeathed, passes to the residuary legatees.

There was no error in the decree.

*Decree affirmed.*