In re Estate of Oza P. Grenier, deceased.
Esther Bray, appellee, v. Mary E. Sedlak, appellant.
97 N. W. 2d 225

Filed June 12, 1959. No. 34569.

*Ellenberger & Pipher,* for appellant.

*Mark J. Ryan* and *John A. Young,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This case involves the construction of a will. The specific question presented is whether the debts and costs of administration are to paid out of personal property or out of residuary real estate.

The county court held that they were payable out of the residuary estate. On appeal the district court made the same finding and judgment.

We affirm the judgment of the trial court.

The will of the testator provided: "1. I do give and bequeath to my daughter Esther Bray all of my personal property, of whatsoever kind or character and wherever the same may be found or located at the time of my death.

"2. I do further give, devise and bequeath to my said daughter Esther Bray the life use, estate and benefit in and to the Southeast Quarter of Section 29, Township 24; North, Range 9, Thurston County, Nebraska, and the Northeast Quarter of Section 32, Township 24, North, Range 9, East of the 6th P.M. in Burt County, Nebraska.

"3. I do give, devise and bequeath to my daughter Mary Sedlak the life use, estate and benefit in and to the following described real (sic), to-wit:

"The South Half of the Northwest Quarter of Section 19; The South east Quarter of the Southwest Quarter of Section 29 and the Southwest Quarter of the Southwest Quarter of Section 28, all in Township 24, North, Range 9, East of the 6th P.M. in Thurston, County, Nebraska.

"4. I do give, devise and bequeath to the children of my said daughter Esther Bray all the real estate hereinbefore described in paragraphs 2 and 3 above, subject only to the life use and benefit of my daughters Esther and Mary as stated above.

"5. All the rest, residue and remainder of my estate I do give, devise and bequeath in equal shares to my daughters Esther Bray and Mary Sedlak, provided however that if my said daughter Mary Sedlak should not survive me, then any and all provisions contained in this will for her benefit and all devises and bequests made herein for her shall be construed and shall be effective as devises and bequests for my daughter Esther Bray so that the life estate provided for my daughter Mary Sedlak in paragraph 3 herein would become a life estate for my daughter Esther and the entire residue of my estate as described in this paragraph (5) shall then, if my said daughter Mary should not survive me, pass to my said daughter Esther Bray."

There is no fact dispute here.

The testator was a resident of Lyons, Burt County. Esther Bray, named in the will, was his younger daugh-

ter, married and a resident of Lyons. She is the appellee here and will herein be referred to as Esther. Esther is the mother of three minor children.

Mary Sedlak, named in the will, is the elder daughter of testator. She is married and a resident of Oregon. She will be referred to herein as Mary. She has no children. She is the appellant here.

The testator at the time of his death was the owner of a considerable amount of personal property, the value of which is more than sufficient to pay all debts and costs of administration.

The testator at the time of his death was also the owner of the real estate specifically described in the will and undivided interests in real estate which he inherited from a brother and from testator's wife, both of whom predeceased testator a few months. The residue mentioned in paragraph 5 of the will is real estate. It consisted of that interest in real estate which he received by inheritance from the estates of his brother and his wife. The "residue real estate" is more than sufficient in value to pay all debts and costs of administration.

The will makes no provision for the payment of debts or costs of administration. Section 30-232, R. R. S. 1943, provides: "The estate, real or personal, given by will to any devisees or legatees, shall be held liable to the payment of the debts, expenses of administration, and family expenses, in proportion to the amount of the several devises or legacies, except that specific devises and legacies, and the persons to whom they shall be made, may be exempted, if it shall appear to the court necessary in order to carry into effect the intention of the testator and if there shall be other sufficient estate."

It is the position of Esther that the bequest of "all of my personal property" is a specific bequest and that the property so bequeathed is exempt from the payment of debts and costs of administration, that being the

intention of the testator and there being other sufficient estate.

Section 30-405, R. R. S. 1943, provides: "The personal estate of the deceased which shall come into the hands of the executor or administrator, shall be first chargeable with the payment of the debts and expenses; and if the goods, chattels, rights and credits in the hands of the executor or administrator shall not be sufficient to pay the debts of the deceased, and the expenses of administration, the whole of his real estate, except as otherwise expressly provided by law, or so much thereof as may be necessary, may be sold for that purpose by the executor or administrator, after obtaining license therefor in the manner provided by law."

It is the position of Mary that section 30-405, R. R. S. 1943, controls; that the bequest to Esther in paragraph 1 is a general bequest; and that the debts and expenses of administration must be paid out of the personal estate.

This then presents the question: Is the bequest in paragraph 1 of the will a specific or general bequest?

In In re Estate of Lewis, 148 Neb. 592, 28 N. W. 2d 427, we held: " 'A specific legacy is a bequest of a specific thing or fund that can be separated out of all the rest of the testator's estate of the same kind, so as to individualize it, and enable it to be delivered to the legatee as the particular thing or fund bequeathed.' * * * A legacy is specific, when it is the intention of the testator that the legatee should have the very thing bequeathed, and not merely a corresponding amount in value. * * * 'A general legacy is one which is payable out of the general assets of a testator's estate, such as a gift of money or other thing in quantity, and not in any way separated or distinguished from other things of like kind.' "

The second of the three rules just quoted points at the reason for the rules. It is that the testator intends

that the legatee should have the "very thing bequeathed" and not a corresponding amount in value.

Here we think it clear that the testator intended that the very things bequeathed—all of his personal property—should become the property of his daughter, Esther. He was not concerned with value but the thing itself.

The rule now being considered could well have been taken from 96 C. J. S., Wills, § 1125, p. 878. See, also, 57 Am. Jur., Wills, § 1410, p. 943.

The basis of the distinction between specific and general legacies is stated in a footnote in 96 C. J. S., Wills, § 1125, p. 879, as follows: "The distinction between specific and general legacies is that the former single out the particular thing which the testator intends the donee to have, no regard being had to its value, while the latter are payable out of the general assets, the chief element of the gift being its value." As stated in the text, a specific legacy "may be satisfied only by a delivery to the legatee of the particular thing, or things, bequeathed."

The rule could well have been taken also from 3 Woerner (3d Ed.), American Law of Administration, § 444, p. 1510, where the text states: "The distinction between *specific* and *general* legacies is, that the former single out the particular or specific thing which the testator intends the donee to have, no regard being had to its value; while the latter are payable out of the general assets, the chief element of the gift being its quantity or value."

In 4 Pomeroy's Equity Jurisprudence (5th Ed.), § 1132, p. 361, the distinction is stated in this wise: "They (general legacies) are, therefore, rather gifts of *amounts* than of things or pieces of property specially described and identified." See, also, Baker v. Baker, 319 Ill. 320, 150 N. E. 284, 42 A. L. R. 1514.

The Supreme Court of Ohio has recently stated the rule that: "A specific legacy differs from a general one

in that it is not intended by the testator to be paid out of his estate generally but is to be paid solely by delivering to the beneficiary the specific thing given by the will, as distinguished from a designated value." In re Estate of Mellott, 162 Ohio St. 113, 121 N. E. 2d 7.

We reach the conclusion under the above rules and the intent of the testator as gleaned from the four corners of the will as hereinafter set forth that the only way the bequest of paragraph 1 may be satisfied is by delivery to Esther of the specific thing, to wit, all of the personal property, and that the bequest is specific and not general.

It is recognized that there are decisions which hold that a bequest of all of the personal property is a general bequest. As we see it, such a holding is to do violence to the reason of the rule. It is further recognized that some courts, in doubtful situations, lean toward a holding that a bequest is general and not specific, the reason being that it will prevent ademption and thus more nearly carry out the intent of the testator. We are not in accord with the holdings that are based on a judicial bias against specific legacies. In re Estate of Hunter, 132 Neb. 454, 272 N. W. 318.

The paragraph of the will being construed refers to "all of *my* personal property" etc. (Emphasis supplied.)

We cite, then, Smith v. Wheeler, 326 Mass. 223, 93 N. E. 2d 544, 18 A. L. R. 2d 516. There the reference was to "my" one-half interest in a business. The court held that the will set apart a particular portion of the testator's estate with no further provision being made for the payment of the legacy and that it could only be satisfied by the thing or interest bequeathed.

The question of whether all of the personal property may be held to be a specific legacy has been determined in Smullin v. Wharton, 86 Neb. 553, 125 N. W. 1112. There a will bequeathed all of the personal property of which the testator died seized. The language used was more prolix than the language used in the

instant will, but in its material aspects there appears no substantial difference.

Having concluded that the bequest in paragraph 1 of the will is a specific bequest, it follows that it is exempted from liability for the payment of debts and costs of administration if that is necessary to carry into effect the intent of the testator. It appears that such is a necessary conclusion, testator not having directed otherwise, for unless that is done the specific bequest will be defeated in large part.

In In re Estate of Strolberg, 106 Neb. 173, 183 N. W. 97, 26 A. L. R. 643, we stated the rule that: Legacies, as a general rule, are payable primarily out of the personal estate of the testator, and real estate will not be charged with their payment unless the intention to do so is expressly declared or clearly inferable from the dispositions of the will; that the chief criterion is the intention of the testator, which may appear either expressly or by implication from the language and dispositions of the will; that such intention cannot be inferred solely from or shown solely by evidence of circumstances altogether extraneous to the will, nor is such evidence admissible on the question of intent where there is no ambiguity in the will; but where legacies are not expressly charged upon the land and the intention of the testator is not clear, the court may and should, for the purpose of ascertaining the intention, read the will in the light of the circumstances existing when it was made.

We quoted the above rule in Hahn v. Verret, 143 Neb. 820, 11 N. W. 2d 551.

The will here shows a distinct intention of the testator to favor Esther over Mary in the distribution of his estate. He first bequeathed Esther all of his personal property. He next devised to her a life estate in 320 acres of land. He next devised to Mary a life estate in 160 acres of land. He next devised to Esther's children the land specifically devised, subject to the

life estates. He then devised the residue of his estate to Esther and Mary in equal shares. He provided, however, if Mary predeceased him that "then any and all provisions contained in this will for her benefit and all devises and bequests made herein for her shall be construed and shall be effective as devises and bequests for my daughter Esther Bray so that the life estate provided for my daughter Mary Sedlak in paragraph 3 herein would become a life estate for my daughter Esther and the entire residue of my estate as described in this paragraph (5) shall then, if my said daughter Mary should not survive me, pass to my said daughter Esther Bray."

In In re Estate of Strolberg, *supra,* we cited generally the case of Reid v. Corrigan, 143 Ill. 402, 32 N. E. 387. We review that case.

There the will made no provision for the payment of debts. There it devised specific real estate to the wife "and also all my personal property of every description"; it then devised $3,000 to a niece; it then devised specific real estate to two organizations; it then devised all the residue of the real estate to close relatives.

In the Corrigan will the testator devised "all the * * * residue" of "my real estate." In the case before us the testator devised the residue "of my estate"; however, by construction of the will, and in fact, the residue in the instant case is real estate.

In the Corrigan case the issue was whether the bequest of $3,000 was to be paid out of the personal estate bequeathed to the wife or out of the residuary real estate, while in the case before us it is a question of from which source the debts and expenses of administration shall be paid.

We quote, then, at length from the opinion in the Corrigan case in which it was held that the bequest was a charge on the residuary devise: "In the administration of testate estates the personal property is the primary fund for the payment of debts and general

legacies, unless a contrary intention on the part of the testator satisfactorily appears. It is sometimes difficult to determine whether or not such contrary intention does appear. But it is no longer necessary that it should be shown by express words,—it 'may be implied from the whole will taken together.' * * * It is an elementary rule in the construction of wills, that effect must be given to that intention, if it can be done, consistently with the rules of law. In other words, this bequest must not be allowed to abate, unless it shall be found that, by no fair interpretation of the entire testamentary devise, can it be ascertained from what part of his estate the testator intended it should be paid, therefore, the only question here presented for decision is, can it be charged upon the real estate devised to appellees by the fourth or residuary clause. In determining that question it becomes important to ascertain, first, whether by the terms of the preceding clauses it can, consistently with the intention of said testator, be paid out of any other part of his estate.

"That it was not his purpose to charge it upon the real estate devised by the first and third paragraphs of his will is conceded. It is said, however, that the personal estate bequeathed to the wife is not exonerated from its payment. The argument in support of this contention is based upon the foregoing rule, by which the personalty is made the primary fund for the payment of all general legacies. We have, however, seen, that rule ceases to be applicable, whenever a contrary intention clearly appears. Here, all the personal property, of every description, is given to the wife without limitation or qualification. How could an intention to exonerate this property be more clearly expressed than by the language here used? While it is true that a bequest of all the personal estate is ordinarily treated as a general legacy, yet where an intention to give it discharged of its primary liability for debts and general legacies clearly appears, it must be treated as a

special bequest, and exonerated accordingly. * * * It is just as clear that the maker of this will did not intend the $3,000 to be taken out of his personal estate as if he had said so in terms. The express gift of all of that class of property to the wife is, in effect, the expression of an intention that no one else shall have it, or any part of it."

Commenting in the Corrigan opinion on cases where the residuary clause covered both personal and real estate, the court said: "It is true, in these cases the residuary clauses of the wills before the courts were broad enough to cover personal as well as real property, but the intention to charge the realty was not inferred because there was a blending of the two classes of property, but from the fact that the personalty was so disposed of that it could not be made available for the payment of the legacies given.

"Suppose the language of the residuary clause here had read, 'all the rest, residue and remainder of my real and personal estate,' could it have been said that an intention to charge the real estate was more clearly shown than by the language which was used? There being no personal estate left, language blending real and personal property would have been meaningless; and yet, if the testator had said, 'all the rest of my real *and personal* estate,' instead of 'all the rest of my real estate,' there would have been no difficulty in finding authorities sustaining a charge of this legacy upon the real estate devised in the residuary clause. * * * By holding that the expression, 'rest, residue and remainder,' was intended to limit the devise to appellees to that part of his estate which should remain after deducting all that had been previously bequeathed, effect can be given to the entire will, whereas to say that by their use he intended to devise all of his real estate not previously devised, without reference to said legacy, we are forced to defeat an intention as clearly expressed as language can make it, or attribute to him

the inconsistency of having made his niece the object of his bounty by words, at the same time intending that she should never enjoy that bounty."

We construe the will so as not to attribute that "inconsistency" to the testator or as stated elsewhere in the Corrigan opinion not to construe the will to attribute to the testator "a purpose to make a gift in appearance and not in reality."

In In re Estate of Hunter, *supra,* we quoted with approval this rule: Generally speaking, and in the absence of an expression of a contrary intent, where the assets of an estate are insufficient to pay all obligations and legacies, there will be an abatement in the following order: (1) Residuary estate, (2) other general legacies pro rata, (3) specific bequests or devises.

Mary contends here that the language is dictum. We need not debate that contention if true. It does not affect the soundness of the rule. In the instant case there were only specific devises and bequests and a residuary devise. Obviously there can be only one residuary clause. The rule is in accord with our conclusion here that the debts and costs of administration are to be paid out of the residuary estate. Otherwise the specific legacy contained in paragraph 1 of the will would be in large part abated.

Mary calls to our attention the holding in Lienhart v. Conway, 146 Neb. 821, 21 N. W. 2d 749, that: "Another statement of legal rule applicable here is that the personal estate of a deceased person is primarily liable for all debts created or personally assumed by him, whether secured by mortgage on real estate or not, and heirs and devisees have the right to require the payment of any such debts out of the personal estate." See, also, Schade v. Connor, 84 Neb. 51, 120 N. W. 1012, to which we refer later.

This overlooks the two preceding holdings of that opinion that: "By statute (section 30-230, R. R. S. 1943), if a testator makes provision in his will for the

payment of his debts, expenses of administration, or family expenses, they shall be paid according to the provisions of the will, and out of the estate thus appropriated, or so far as the same may be sufficient. * * * A well-recognized rule in the interpretation of wills is that the court will give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with established rules of law."

Mary contends that in accord with section 30-405, R. R. S. 1943, we should follow the rules stated first above quoted from Lienhart v. Conway, *supra,* and 97 C. J. S., Wills, §§ 1317(a), 1322(a) and (c), pp. 227, 235, 237.

Here it is overlooked that these rules are all subject to the rule that the testator may by will avoid the application of the general rule. This is made clear throughout the text and by particular reference on pages 227 and 237 to 34 C. J. S., Executors and Administrators, §§ 478, 479, pp. 360, 362, wherein it is said: "* * * the general rules with respect to what property is available for the payment of debts are subject to the power of a testator to direct, by his will, what property shall be used, or shall constitute the primary fund, for this purpose, * * *. However, the order in which property is applied to the payment of debts is subject to directions of the testator * * *."

Mary finally contends that section 30-405, R. R. S. 1943, controls and that under that provision it becomes mandatory and that the personal estate is first chargeable with the payment of the debts and expenses notwithstanding the provisions of section 30-232, R. R. S. 1943, which permits "specific devises and legacies" to be exempted if that is necessary to carry into effect the intention of the testator. If that contention were to be accepted it would likewise render ineffective the provisions of section 30-230, R. R. S. 1943, which permit a testator to designate the estate to be appropriated for

the payment of debts and expenses of administration.

These contentions have been decided adversely in Smullin v. Wharton, *supra.* There we put aside the rule of Schade v. Connor, *supra,* followed in Lienhart v. Conway, *supra,* as "inapplicable" because of the terms of the will, quoting the statute that is now section 30-232, R. R. S. 1943.

Mary contends that we did not there refer to section 30-405, R. R. S. 1943, and hence would avoid the effect of that holding. That is a distinction without material difference. We did cite there the provisions of the statute which with an immaterial amendment are now sections 30-1101, 30-1102, and 30-1126, R. R. S. 1943. Those sections, and particularly sections 30-1101 and 30-1102, R. R. S. 1943, are to be followed by the executor or administrator to obtain a license to sell real estate for the payment of debts and expenses of administration under the provisions of section 30-405, R. R. S. 1943.

We conclude that section 30-405, R. R. S. 1943, is not applicable here.

Paraphrasing language found in Smullin v. Wharton, *supra,* the real estate referred to in the residuary clause is that portion of the estate left after the payment of charges, liabilities, and specific legacies.

We affirm the judgment of the trial court.

AFFIRMED.